UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
K7 DESIGN GROUP, INC. and ISAAC     )
KAPLAN,                             )
                                    )
                     Plaintiffs,    )
                                    )   No. 17 Civ. 06943 (GBD)
v.                                  )
                                    )
FASHION ANGELS ENTERPRISES, INC.,   )
GOLDI MILLER, MARK MILLER, MYRA     )
MOULOUDJI, and MARK RINCON          )
                                    )
                     Defendants.    )
_____ )


**REPLY BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
AMENDED COMPLAINT AND TO TRANSFER VENUE**

                              TANNENBAUM HELPERN
                              SYRACUSE & HIRSCHTRITT LLP
                              900 Third Avenue
                              New York, New York 10022
                              (212) 508-6700

                                       and

                              GODFREY & KAHN, S.C.
                              833 E. Michigan Street, Suite 1800
                              Milwaukee, Wisconsin 53202
                              (414) 273-3500

                              *Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  PLAINTIFFS' ACCOUNTING CAUSE OF ACTION MUST BE
    DISMISSED BECAUSE FASHION ANGELS DOES NOT OWE
    PLAINTIFFS A FIDUCIARY DUTY................................................................................ 2

II. ISAAC KAPLAN'S INDIVIDUAL CLAIMS FOR VIOLATIONS
    OF THE NEW YORK LABOR LAW AND NEW YORK CITY
    HUMAN RIGHTS LAW FAIL BECAUSE HE IS NOT COVERED BY
    EITHER LAW. ................................................................................................................... 4

    A.  Kaplan is not a "sales representative" under the NYLL. ........................................... 4

    B.  Isaac Kaplan cannot prevail on his New York City human rights law
        claims because he is not an "independent contractor" under the law. ...................... 6

III. PLAINTIFFS' SURVIVING CLAIMS SHOULD BE TRANSFERRED
     TO THE EASTERN DISTRICT OF WISCONSIN. .......................................................... 7

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*American Eagle Outfitters, Inc. v. Tala Bros. Corp.*,
   457 F. Supp. 2d 474 (S.D.N.Y. 2006) .................................................................................. 8, 9

*Burlington Northern Railroad Company v. Strong*,
   907 F.2d 707 (7th Cir. 1990) ..................................................................................................... 8

*Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*,
   31 F.3d 445 (7th Cir. 1994) ....................................................................................................... 8

*Dee v. Rakower*,
   112 A.D. 3d 204, 976 N.Y.S. 2d 470 (2d Dep't 2013) ............................................................. 2

*Enigma Software Group USA, LLC v. Malwarebytes Inc.*,
   260 F. Supp. 3d 401 (S.D.N.Y. 2017) ....................................................................................... 8

*Factors Etc., Inc. v. Pro Arts Inc.*,
   579 F.2d 215 (2d Cir. 1978) ....................................................................................................... 8

*Fowler v. Scores Holding Co., Inc.*,
   677 F. Supp. 2d 673 (S.D.N.Y. 2009) .................................................................................. 6, 7

*Galvstar Holdings, LLC v. Harvard Steel Sales, LLC*,
   No. 16 Civ. 7126, 2017 WL 1535383 (S.D.N.Y. Apr. 20, 2017)
   *aff'd in part, vacated and remanded in part* (on other grounds),
   2018 WL 416792 (2d Cir. Jan. 18, 2018) ................................................................................. 3

*Hercules Inc. v. Dynamic Export Corp.*,
   71 F.R.D. 101 (S.D.N.Y. 1976) ................................................................................................. 8

*Hopper v. Banana Republic, LLC*,
   No. 07 CIV. 8526, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008) ............................................. 6

*Hord v. Jackson*,
   No. 16 Civ. 7494, 2017 WL 6209691 (S.D.N.Y. Dec. 7, 2017) ...................................... 5, 6, 7

*In re Price*,
   42 F.3d 1068 (7th Cir. 1994) ....................................................................................................... 8

*MasterCard Int'l, Inc. v, Lexcel Solutions, Inc.*,
   No. 3 Civ. 7157 (WHP), 2004 WL 1368299 (S.D.N.Y. June 16, 2004) ................................. 8

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) ....................................................................................................... 5

*Organicnaturalsnacks.com, LLC v. United Natural Foods, Inc.*,
  No. 1:15-CV-0741, 2016 WL 1275049 (N.D.N.Y. Mar. 31, 2016) ............................................ 5

*Recoton Cor. v. Allsop Inc.*,
  999 F.Supp. 574 (S.D.N.Y. 1998) ....................................................................................... 8

*Societe Generale v. Florida Health Sciences Ctr., Inc.*,
  No. 03 Civ. 5615 (MGC), 2003 WL 22852656 (S.D.N.Y. Dec. 1, 2003) .................................. 8

*Torres v. Gristede's Operating Corp.*,
  628 F. Supp. 2d 447 (S.D.N.Y. 2008) .................................................................................. 8

*Wiener v. Lazard Freres & Co.*,
  241 A.D. 2d 114 (1st Dep't 1998) ...................................................................................... 3

*Williams v. Victoria's Secret*,
  No. 15-CV-4715, 2017 WL 384787, n. 3 (S.D.N.Y. Jan. 27, 2017)
  report and recommendation adopted, No. 15-CV-4715,
  2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) ...................................................................... 6

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................. 8, 11

**Rules**

Fed. R. Civ. P. 12(b)(6); and (2) ................................................................................................. 11

Fed. R. Civ. P. 13 ........................................................................................................................ 8

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ..................................................................................... 3

N.Y.C. Admin. Code § 8-102(5) ................................................................................................. 6

Although Plaintiffs' response to Defendants' Partial Motion to Dismiss and to Transfer Venue is replete with bluster and feigned indignation, Plaintiffs K7 Design Group, Inc. ("K7") and Isaac Kaplan ("Kaplan") sidestep the fundamental deficiencies requiring dismissal of their New York Labor Law ("NYLL"), New York City Human Rights Law ("NYCHR"), and accounting claims. The NYLL and NYCHR claims must be dismissed because the Amended Complaint fails to adequately allege that either Plaintiff is covered by those laws. Nor does the Amended Complaint plausibly allege a joint venture that would entitle K7 to an accounting.

Plaintiffs' response to Defendants' motion to dismiss exploits the Amended Complaint's vague and inconsistent allegations in an effort to piece together plausible causes of action after-the-fact. It is undisputed that in December 2016, Fashion Angels agreed to make commission payments on completed sales of Fashion Angels products after Fashion Angels received payment from applicable retailers (the "Agreement"). Depending on how it best suits Plaintiffs' argument with respect to their claims, Plaintiffs argue that K7 *was* and *was not* a party to the Agreement and that the "joint venture" *was* and *was not* memorialized in the Agreement. The Agreement, memorialized in a December 9, 2016 email from Defendant Mark Miller to Michael and Isaac Kaplan, however, confirms that there was no "joint venture" between the parties. Moreover, Plaintiffs' new allegation in its response that Plaintiff Isaac Kaplan was not an employee of K7, but rather an independent contractor for Fashion Angels, is both inconsistent with the allegations in the Amended Complaint (Kaplan is not even identified in the Amended Complaint's section identifying parties) as well as inconsistent with the Agreement itself (noting Mr. Kaplan's email address – zackkaplan@*k7dg.com*).

Plaintiffs' attempt to redefine the Agreements' terms to salvage their claims improperly introduces *new* factual allegations not alleged in the Amended Complaint. Plaintiffs are bound

1

by the four-corners of their Amended Complaint and, therefore, Plaintiffs' response falls short of curing their deficient claims.

Plaintiffs' arguments in response to Defendants' transfer motion are also misplaced and overstated. Defendants' motion is not procedurally deficient. Nor can the inconvenience and expense to the individually named Defendants – Mark Miller, Goldi Miller, Myra Mouloudji and Mark Rincon – be overstated. If the Court grants Fashion Angels' partial Motion to Dismiss, all that will really remain of this dispute is a disagreement over whether K7 is owed additional commission payments. At the same time, the pending dispute in Wisconsin involves Fashion Angels' more complex claims against K7 for trademark infringement, tortious interference, bad faith and conspiracy. Walmart is also a party to the Wisconsin action. To be sure, stripped of the deficient New York claims brought in this case, this matter is but a sideshow to the much more wide-ranging action in Wisconsin and, for that reason, judicial economy and efficiency favor moving Plaintiffs' surviving claims to the Eastern District of Wisconsin.

### I. PLAINTIFFS' ACCOUNTING CAUSE OF ACTION MUST BE DISMISSED BECAUSE FASHION ANGELS DOES NOT OWE PLAINTIFFS A FIDUCIARY DUTY.

Plaintiffs must establish that Fashion Angels owed them a fiduciary duty in order to prevail on a claim for an accounting. *Dee v. Rakower*, 112 A.D. 3d 204, 214, 976 N.Y.S. 2d 470 (2d Dep't 2013). Plaintiffs' Amended Complaint fails to do so. Rather, Plaintiffs base their accounting claim on the threadbare and conclusory allegation that K7 and/or Kaplan and Fashion Angels entered into a "joint venture." (Am. Compl. ¶ 18; *see also id.* ¶¶ 19-21, 31-32.) Plaintiffs contend that this so-called "joint venture" was memorialized in the Agreement. (*Id.* ¶¶ 32, 73.)[1]

---

[1] In Paragraph 32 of the Amended Complaint, Plaintiffs allege that Plaintiffs [K7 and Kaplan] entered into an agreement with Fashion Angels to memorialize the Joint Venture and independent sales agreement…(the "Agreement"). Moreover, in paragraph 73 of the Amended Complaint, which relates to Plaintiffs' breach of contract

*footnote continued on next page…*

The Agreement, however, makes no reference to any joint venture nor does it say anything about the parties agreeing to share both profits and losses from such proposed venture. By its terms, the Agreement is nothing more than an exclusive commission contract under which Fashion Angels agreed to pay a 4% sales commission on products sold to specified national retailers after Fashion Angels received payment from those retailers. (*Id*. ¶ 33; Miller Decl. ¶ 5, Exh. A.)

A joint venture requires that a "provision is made for the sharing of both profits and losses." *Galvstar Holdings, LLC v. Harvard Steel Sales, LLC*, No. 16 Civ. 7126, 2017 WL 1535383, at *4 (S.D.N.Y. Apr. 20, 2017), *aff'd in part, vacated and remanded in part* (on other grounds), 2018 WL 416792 (2d Cir. Jan. 18, 2018). Plaintiffs argue that "the Amended Complaint explicitly alleges that the parties agreed to have 'equal equity in the Joint Venture,' which, by definition, includes profits and losses." (Resp. Br. at 31.)[2] Merely alleging the sharing of equity, however, is not enough to plausibly allege a joint venture under New York law. An express agreement for the sharing of *losses* is specifically required. *E.g., Wiener v. Lazard Freres & Co.*, 241 A.D. 2d 114, 122 (1st Dep't 1998) (in affirming that there was no joint venture, the court stated, "The possibility that Lazard might enjoy equity and profits from the prospective deal was insufficient for this purpose; there must also be an additional allegation that Lazard had agreed to share in any losses as well.")

---

claim, Plaintiffs allege that "[t]he Agreement is a valid and enforceable contract, written between Fashion Angels and 'Kaplan Team.'" Although Plaintiffs fail to define "Kaplan Team," taking paragraphs 32 and 73 together, K7 and Kaplan necessarily—and exclusively—make up the "Kaplan Team." Indeed, nowhere in the Amended Complaint do Plaintiffs allege that anyone else was a member of the "Kaplan Team."

[2] Seeking to again capitalize on the ambiguities in the Amended Complaint, Plaintiffs imprecisely define "equity." Black's Law Dictionary defines "equity" as "an ownership interest in property, especially in business." *Equity*, Black's Law Dictionary (10th ed. 2014). Indeed, there are many different types of "equity" that govern how profits and losses are treated—*e.g.*, book equity, equity capital, and owners' equity. Suffice it to say Plaintiffs are attempting to exploit the obvious vagueness in the Amended Complaint to define terms as it suits them.

3

To the extent Plaintiffs' response now contends that a joint venture agreement existed separate and apart from the Agreement, such contention is inconsistent with paragraph 32 of the Amended Complaint. (Resp. Br. at 4 and 23.) By being deliberately vague with respect to the alleged "joint venture," Plaintiffs hope to muddy the waters enough to survive this Motion to Dismiss. Plaintiffs should not be permitted to manipulate the alleged facts as it suits them and benefit from the confusion created by ambiguous allegations made in the Amended Complaint.

Because Plaintiffs have not plausibly alleged the existence of a "joint venture," their claim for accounting fails as a matter of law.

## II. ISAAC KAPLAN'S INDIVIDUAL CLAIMS FOR VIOLATIONS OF THE NEW YORK LABOR LAW AND NEW YORK CITY HUMAN RIGHTS LAW FAIL BECAUSE HE IS NOT COVERED BY EITHER LAW.

Isaac Kaplan, in his individual capacity, alleges a claim against Fashion Angels for violation of the New York Labor Law ("NYLL") and alleges claims against all defendants for violations of the New York City Human Rights Law ("NYCHRL"). (Am. Compl. ¶¶ 78-82, 96-115.) Plaintiffs *do not* bring NYLL or NYCHRL claims on behalf of *K7*. For the reasons stated in Fashion Angels' opening brief and for the reasons below, Kaplan cannot prevail on these claims as a matter of law.

### A. KAPLAN IS NOT A "SALES REPRESENTATIVE" UNDER THE NYLL.

As an initial matter, the NYLL only applies to written contracts. There is no such contract between Fashion Angels and Isaac Kaplan. Fashion Angels never agreed to pay commissions directly to Isaac Kaplan—and the Amended Complaint does not allege otherwise. In an effort to fit the NYLL claim within the allegations of the Amended Complaint, Plaintiffs' response implicitly denies that K7 was even a party to the Agreement—arguing that, "the Agreement at issue was directly between Fashion Angels and 'Team Kaplan.' K7 is not mentioned anywhere in the Agreement." (Resp. Br. at p. 19.) Plaintiffs conveniently overlook the fact that the

4

Agreement was addressed to both Michael and Zack (Isaac) Kaplan's email addresses with the suffix: *@k7dg.com*. (Miller Decl., Ex. A [Dkt. 36-2].) Plaintiffs also argue in the alternative that *either* K7 *or* Kaplan qualify as "sales representatives" under the definition set forth in NYLL § 191-a. (Resp. Br. at 20.) This argument ignores the fact that the Amended Complaint *only* alleges a NYLL claim on behalf of Kaplan, *not* K7.[3]

In apparent recognition that the Amended Complaint fails to allege facts that plausibly support the NYLL claim, Kaplan impermissibly submits an affidavit in attempt to establish that customers covered by the Agreement were prospective New York customers. For the first time, Kaplan alleges that "buying offices from Ross Stores are based in New York" and that "many of the orders for Walgreens, Kohl's, and Target were shipped to the respective retailers' New York stores." (Response Br. at 21; Kaplan Aff. ¶¶ 10-11.) However, Kaplan's affidavit is too little too late as the plausibility of the NYLL claim is confined to the four-corners of the Amended Complaint. *Hord v. Jackson*, No. 16 Civ. 7494, 2017 WL 6209691, *5 (S.D.N.Y. Dec. 7, 2017), citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) ("[O]ur review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference."). As the Kaplan Affidavit contains new factual allegations, it is improper and, thus, should be disregarded. *Hord*, at *5. ("In their Opposition papers, Plaintiffs attempt to introduce documents

---

[3] Even assuming the Agreement constituted a written contract between Fashion Angels *and Isaac Kaplan*, the NYLL claim still fails because Kaplan is not a "sales representative" as defined under New York law. To qualify as a "sales representative," it is not enough to merely allege that Kaplan was located in New York when he allegedly solicited prospective customers. Kaplan must also allege that he solicited prospective New York State customers. *Organicnaturalsnacks.com, LLC v. United Natural Foods, Inc.*, No. 1:15-CV-0741, 2016 WL 1275049, *2, 6 (N.D.N.Y. Mar. 31, 2016). Kaplan did not—and Kaplan does not allege as such in the Amended Complaint. Each customer identified in the Agreement is a national retailer headquartered outside of New York. As the *only* customers Kaplan solicited under the Agreement were non-New York customers, Kaplan's NYLL claim fails.

to help bolster their claims of access. Consideration of these documents is inappropriate when considering a Motion to Dismiss or Motion for Judgment on the Pleadings.").

      **B.    ISAAC KAPLAN CANNOT PREVAIL ON HIS NEW YORK CITY HUMAN RIGHTS LAW CLAIMS BECAUSE HE IS NOT AN "INDEPENDENT CONTRACTOR" UNDER THE LAW.**

In response to Fashion Angels' Motion to Dismiss Kaplan's NYCHRL claims, Kaplan now argues that the Agreement was really between Fashion Angels and Kaplan—not K7. (Resp. Br. at 23.) Relying on this premise, Kaplan argues that his work was in furtherance of Fashion Angels' business and not K7's business, thus qualifying him as an "independent contractor" under the NYCHRL. (*Id*. at 22-24.)

It bears repeating that Plaintiffs allege in their Amended Complaint that *K7* was a party to the Agreement. (*See* Am. Compl. at 6 "B. K7 Enters into An agreement with Fashion Angels"; *Id*. ¶ 32 (referring to Plaintiff*s*).) Moreover, Plaintiffs *never* allege in the Amended Complaint that Kaplan was acting in a capacity other than through or for the benefit of K7. By trying to separate Kaplan from K7 in Plaintiffs' response, Plaintiffs attempt to circumvent the well-established principle that, under the NYCHRL, an "independent contractor" must be a natural person *not acting through a corporation*. N.Y.C. Admin. Code § 8-102(5); *Williams v. Victoria's Secret*, No. 15-CV-4715, 2017 WL 384787, *4, n. 3 (S.D.N.Y. Jan. 27, 2017), report and recommendation adopted, No. 15-CV-4715, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017); *Hopper v. Banana Republic, LLC*, No. 07 CIV. 8526, 2008 WL 490613, at *3 (S.D.N.Y. Feb. 25, 2008). Again, Plaintiffs' own allegations in the Amended Complaint undermine the response's attempt to now claim that Kaplan had a separate agreement with Fashion Angels.

Moreover, Kaplan's reliance on *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673 (S.D.N.Y. 2009), is misplaced. In *Fowler*, the plaintiff brought claims for violations of the NYCHRL against her direct employer—*not* against a different entity as suggested in Plaintiffs'

6

response brief. (*See* Resp. Br. at 24.) In this context, the court's statement that "even if she was not an employee, independent contractors fall under the protection of the NYCHRL if they are 'natural persons' who 'carry out work in furtherance of an employer's business enterprise'" makes sense. *Fowler*, 677 F. Supp. 2d at 680. An employee may have redress against her direct employer even if her employer is an entity.

In this case, however, the Amended Complaint fails to plausibly allege that Kaplan had an independent agreement with Fashion Angels or that he performed work beyond that as an agent of K7. Kaplan clearly held himself out as an agent of K7 given his email address – zackkaplan@k7dg.com. Furthermore, Kaplan's argument that Fashion Angels exercised significant control over him introduces new allegations not alleged in the Amended Complaint. (Resp. Br. at 24.) Any new factual allegations submitted by affidavit are improper and, thus, must be disregarded by the Court. *See Hord*, 2017 WL 6209691, *5. In sum, Plaintiffs' NYLL and NYCHRL claims should be dismissed because the Amended Complaint fails to state plausible claims upon which relief can be granted.

### III. PLAINTIFFS' SURVIVING CLAIMS SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF WISCONSIN.

Should the Court grant Fashion Angels' partial motion to dismiss, the factors applicable to Defendants' Motion to Transfer weigh in their favor. Again, Plaintiffs' surviving claims against Fashion Angels would be for alleged unpaid commissions and, therefore, this Court's familiarity with New York law after dismissing Plaintiffs' NYLL and NYCHRL would no longer weigh in favor of denying the motion to transfer. More complex claims between the parties and Walmart are pending in Wisconsin.[4] And while Plaintiffs' claims were filed first, that

---

[4] Plaintiffs' response makes passing reference to the compulsory counterclaim rule embodied in Federal Rule of Civil Procedure 13. Fashion Angels' claims made against K7 and Walmart in the Eastern District of Wisconsin do

*footnote continued on next page…*

is only one of numerous factors the Court must consider when determining whether to transfer this case to the Eastern District of Wisconsin. "[T]he first-filed doctrine does not supersede the inquiry into the balance of convenience required under § 1404." *Recoton Cor. v. Allsop Inc.*, 999 F.Supp. 574, 576 (S.D.N.Y. 1998). A transfer justified under § 1404(a) is proper even if the action to be transferred was filed before a related action was filed in the transferee district. *Societe Generale v. Florida Health Sciences Ctr., Inc.*, No. 03 Civ. 5615 (MGC), 2003 WL 22852656, at *8 (S.D.N.Y. Dec. 1, 2003).

Plaintiffs' primary contention is that Fashion Angels' motion lacks a supporting affidavit and, thus, is procedurally deficient.[5] (Resp. Br. at 9-10.) In support, Plaintiffs cite decades-old district court decisions for the proposition that motions to transfer must be supported by witness affidavits. (*Id.*) Plaintiffs overstate the need for a supporting affidavit.[6] Even absent a declaration, the court *will nonetheless evaluate all factors in considering a motion to transfer*. *See American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477-480 (S.D.N.Y.

---

not constitute compulsory counterclaims. Whether a claim is a compulsory counterclaim hinges on whether the claim of the defendant has a "logical relationship" to the claims asserted by the plaintiff. *Hercules Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 108-09 (S.D.N.Y. 1976); *Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*, 31 F.3d 445, 448 (7th Cir. 1994). Courts must consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994); *see also Hercules Inc.*, 71 F.R.D. at 108 (identifying factors for the court to consider). Here, while the parties are the same, Fashion Angels' trademark infringement, tortious interference, bad faith and conspiracy claims against K7 are not properly characterized as compulsory counterclaims because they lack a "shared realm of genuine dispute" with what amounts to K7's claims for unpaid commissions. *See Burlington Northern Railroad Company v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990); *see Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008) (holding that defendant's faithless servant counterclaims were permissive and not compulsory because the counterclaims were based on separate conduct unrelated to plaintiffs' wage-and-hour claims).

[5] Neither the local rules for the Southern District of New York nor for this Court require supporting affidavits or declarations on a motion to transfer venue.

[6] Much more recently, courts in the Southern District of New York have confirmed that the district courts *may* consider factual submissions, including declarations, by defendants who bear the burden on a motion to transfer. *See Enigma Software Group USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, n.1 (S.D.N.Y. 2017), citing *Factors Etc., Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990) and *MasterCard Int'l, Inc. v, Lexcel Solutions, Inc.*, No. 3 Civ. 7157 (WHP), 2004 WL 1368299, at *6 (S.D.N.Y. June 16, 2004).

2006) (although defendants did not file an affidavit in support of their motion to transfer, the court did not deny defendants motion on that ground and proceeded to balance each factor in the transfer analysis). In other words, courts routinely balance each and every factor in deciding a motion to transfer with or without a witness declaration.

Plaintiffs next argue that New York is the more convenient forum for Plaintiffs' witnesses, which consist of Isaac Kaplan and three members of his family. (Resp. Br. at 12-13.) Plaintiffs downplay the significant inconvenience to the *named defendants* Mark Miller, Goldi Miller, Myra Mouloudji, and Mark Rincon – none of whom reside in New York. Instead, Plaintiffs argue that "Plaintiff Kaplan and K7's other representatives rarely interacted with Goldi Miller and Myra Mouloudji, so their testimony will either be immaterial or duplicative of other testimony." (*Id*. at 12.)[7] But Ms. Miller and Ms. Mouloudji are *named* parties. Plaintiffs are seeking to hold Miller and Mouloudji, along with individual defendants Mark Miller and Mark Rincon, *personally liable* for damages. Of course, the individual defendants will actively participate in the defense of this litigation, including attending and testifying at trial with respect to the Agreement and the facts surrounding the specific allegations against them. The inconvenience to them cannot be overstated.

Trial efficiency and the interest of justice also favor transfer. Plaintiffs argue that more recent statistics from the Administrative Office of the U.S. Courts show that the Eastern District of Wisconsin is no more efficient than the Southern District of New York. (Resp. Br. at 16.) As summarized in the table below, however, what Plaintiffs fail to mention is that the Judicial Caseload Profile uses a different metric than Table C-5 referenced in Fashion Angels' brief.

---

[7] Plaintiffs' argument begs the question why they named Ms. Miller and Ms. Mouloudji as defendants in the first place, but that is an issue for another day.

9

|  | Eastern District of Wisconsin | Southern District of New York | Source |
|---|---|---|---|
| Median Time from Filing to Disposition (civil cases) | 6.3 months | 8.4 months | Table C-5, for the 12-month period ending June 30, 2017 (most current) [8] |
| Median Time from Filing to Disposition (civil cases)[9] | 15.4 months | 31.4 months | Table C-5, for the 12-month period ending June 30, 2017 (most current) |
| Median Time from Filing to Trial (civil cases)[10] | 33.7 months | 30.4 months | Judicial Caseload Profile, for the 12-month period ending September 30, 2017 |

In other words, civil cases in the Eastern District of Wisconsin tend to move quicker than cases in the Southern District of New York. Thus, judicial efficiency weighs in favor of transfer.

Finally, while Plaintiffs recite numerous alleged activities that occurred in New York, none are directly relevant to their claim for unpaid commissions. Plaintiffs concede that the alleged breach of the Agreement did not occur in any location. (Resp. Br. at 15). Therefore, despite Plaintiffs' argument to the contrary, the locus of operative facts does not favor keeping this case in New York.

## **CONCLUSION**

For the reasons set forth, Defendants respectfully request that the Court enter an order (1) dismissing Plaintiffs' Second, Fifth, Sixth, and Seventh Causes of Action in their entirety pursuant to Fed. R. Civ. P. 12(b)(6); and (2) pursuant to 28 U.S.C. § 1404(a), transferring this case to the United States District Court for the Eastern District of Wisconsin.

---

[8] Table C-5 is available at: http://www.uscourts.gov/sites/default/files/data_tables/stfj_c5_630.2017.pdf. According to the Judicial Caseload Profile for the period ending September 30, 2017, attached to the Katz Affidavit, the median time from filing to disposition for civil cases is 6.4 months in the Eastern District of Wisconsin and 7.3 months in the Southern District of New York.

[9] Data not included on the Judicial Caseload Profile.

[10] Data not included on Table C-5.

| | |
|---|---|
| Dated: New York, New York<br>January 25, 2018 | TANNENBAUM HELPERN<br>SYRACUSE & HIRSCHTRITT LLP |

By: */s/Carl F. Regelmann*

    Carl F. Regelmann
    Paul D. Sarkozi

900 Third Avenue
New York, New York 10022
(212) 508-6700
Regelmann@thsh.com

and

Brian C. Spahn
Erin M. Cook
GODFREY & KAHN, S.C.
833 E. Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202
(414) 273-3500
bspahn@gklaw.com
mcook@gklaw.com

*Attorneys for Defendants*

18344947.6