

Adam S. Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

January 25, 2018

**Via ECF**

Honorable George B. Daniels
United States District Judge
United States Courthouse, Room 1310
500 Pearl Street
New York, New York 10007

      Re:    **K7 Design Group, Inc., et al. v. Fashion Angels Enterprises, Inc., et al.**
            **Case No: 1:17-cv-06943-GBD**

Dear Judge Daniels:

      As the Court is aware, this law firm represents the Plaintiffs in the above-referenced action. We write to request leave to file a brief sur-reply in response to Defendants' reply to their Motion to Transfer and Partial Motion to Dismiss (the "Motion"), or, in the alternative, a chance to be heard by the Court at an oral argument. Defendants have submitted new arguments and support for the first time in their Reply; we believe these arguments should be addressed by Plaintiffs.

      With respect to Defendants' motion to transfer, whereas in their Moving Paper, Defendants claim the Wisconsin Action was the "primary action," and "most significant litigation" (Mot. 15), now Defendants argue for the first time in reply that the New York Action should be transferred to Wisconsin, because the Wisconsin Action contains more "complex" trademark claims. (Reply 2, 7.) Even assuming that Defendants are correct, the Second Circuit does not recognize complexity of issues as a reason to transfer an action. To the contrary, in analyzing motions to transfer, courts in this District have specifically held that any federal court is equally capable of handling federal trademark claims. *American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F.Supp.2d 474, 479 (S.D.N.Y. 2006); *Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198, 2000 WL 1745043, at *7 (S.D.N.Y. Nov. 27, 2000) ("As to the federal claims, the Northern District of California is as familiar with the Lanham Act as is this Court"). Accordingly, the fact that Defendants have made trademark infringement claims in Wisconsin should not be used as a reason to transfer this action.

      Additionally, in the Reply, Defendants cite new statistics with respect to trial efficiency that Plaintiffs have not had a chance to analyze and rebut. (Reply 10.) It is unclear why Defendants believe their statistics and "metric" for the period ending June 30, 2017 are better than the statistics for the period ending September 2017 cited by Plaintiffs, but nevertheless Defendants' chart inexplicably cites "Median Time From Filing to Disposition" twice from the

**Office Location:** 711 3rd Avenue, Suite 1900, New York, NY 10017
646.292.8700 | Fax 646.292.8701 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

Hon. George B. Daniels
January 25, 2018
Page 2

same source, with two very different statistics. Accordingly, in addition to failing to rebut Plaintiffs' statistics regarding trial efficiency, the Court should not consider these new statistics.

Finally, with respect to the Motion to Dismiss, Defendants claim that Plaintiffs impermissibly submitted an affidavit, and improperly surmise that it was out of recognition that the Amended Complaint fails to allege facts that plausibly support Plaintiffs' New York Labor Law ("NYLL") claim. (Reply 5.) Contrary to these assertions, the Amended Complaint always alleged that Plaintiffs solicited orders from their New York office and the New York showroom to Ross, Target, and Kohl's. (*See* Am. Compl. ¶¶ 7, 32, 36-37.) Mr. Kaplan's affidavit does not introduce this for the first time and it does not recognize any deficiency in the pleadings. Rather, the affidavit is meant to disprove Defendants' unsupported argument that the Court should focus on the location of the corporate headquarters of the retailers listed in the Amended Complaint to which Plaintiffs sold by showing that these retailers have a significant presence in New York, including physical offices in the state. Accordingly, the affidavit should be considered by the Court to support Plaintiffs' NYLL claim.

We thank the Court for its attention to this matter.

Very truly yours,

/s/ Adam S. Katz

Adam S. Katz

8279614.1