

833 EAST MICHIGAN STREET • SUITE 1800
MILWAUKEE, WISCONSIN 53202-5615

TEL • 414.273.3500   FAX • 414.273.5198

www • GKLAW.COM

Direct: 414-287-9314
Bspahn@gklaw.com

March 9, 2018

**VIA ELECTRONIC FILING**

Honorable George B. Daniels
United States District Judge
United States Courthouse, Room 1310
500 Pearl Street
New York, New York 10007

   RE: *K7 Design Group Inc. v. Fashion Angels Enterprises, Inc., et al.*
     Case 1:17-cv-06943-GBD

Dear Judge Daniels:

   As you are aware, this firm, along with Tannenbaum Helpern Syracuse & Hirschtritt LLP, represents the Defendants in the above-referenced matter.  This letter responds to Plaintiff's February 23, 2018 letter seeking leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

### I. <u>This is Plaintiff's third attempt to plead viable claims.</u>

   On September 12, 2017, K7 Design Group, Inc. ("K7") and Isaac Kaplan filed the above-captioned lawsuit against Fashion Angels, Mark Miller, Goldi Miller, Myra Mouloudji, and Mark Rincon in the United States District Court for the Southern District of New York, alleging causes of action for breach of contract, unjust enrichment, fraudulent inducement, accounting, violations of New York State Human Rights Law, and New York City Human Rights Law. Defendants filed their first motion for partial dismissal and to transfer venue to the Eastern District of Wisconsin on November 3, 2017.  (Dkt. No. 21.)  On November 24, 2017, in response to Defendants' first motion to dismiss and in an effort to address deficiencies in their claims, Plaintiffs filed a First Amended Complaint and asked Defendants to withdraw their motion to dismiss.  (Dkt. No. 28.)  Defendants agreed to withdraw their motion.  (Dkt. No. 29.)  The First Amended Complaint addressed some of the flaws in the original complaint and added a claim under New York Labor Law.  (Dkt. No. 28.)

   In response to the First Amended Complaint, Defendants filed a second motion for partial dismissal and to transfer venue.  After Defendants' second motion for partial dismissal was fully briefed, and following an in-depth oral argument, Plaintiffs chose to withdraw their claims for accounting and violation of the New York Labor Law.  Plaintiffs' claims under the New York City Human Rights Law were dismissed by the Court.  (Dkt. No. 44.)

March 9, 2018
Page 2

With Isaac Kaplan's New York Labor Law and Human Rights Law claims dismissed, K7 now seeks to file a Second Amended Complaint, re-alleging the original causes of action for breach of contract, unjust enrichment, and fraudulent inducement, and alleging two new claims: a New York Labor Law claim on behalf of K7 and a claim for defamation.  Defendants oppose K7's third attempt to properly plead its claims.

## II.      Plaintiff should not be allowed to amend the complaint again.

While leave under Rule 15(a) is "liberally granted," the rule is not without limits: leave may properly be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff's proposed revision to its New York Labor Law ("NYLL") cause of action is based on a single substantive change:  the claimant is now the corporate entity, K7, rather than an individual (Isaac Kaplan).  This amendment is not based on any newly discovered facts or law—*i.e.*, Plaintiff easily could have brought this claim when it filed both its original complaint in September 2017 and its first amended complaint in November 2017.  Rather, Plaintiff's new NYLL claim is simply the result of the recent realization, based on Defendants' motion to dismiss the first amended complaint and the Court's questioning of Plaintiff's counsel on this claim, that Mr. Kaplan could not bring the NYLL claim.  Plaintiff provides no explanation for its failure to bring the NYLL claim on behalf of K7 in the first place, and that failure is not without its costs to Defendants, given that they have already fully briefed and argued a motion to dismiss the claim.  Plaintiff's neglect, in combination with, Defendants' prejudice, provides a sufficient basis for this Court to deny Plaintiff's request for leave to file a Second Amended Complaint.

## III.      Defendants have been prejudiced by Plaintiff's serial amendments.

To the extent the Court allows Plaintiff to file its proposed Second Amended Complaint, Defendants request that Plaintiff be required to reimburse Defendants for the fees and costs associated with moving to dismiss the NYLL claim that Plaintiff previously brought on behalf of Mr. Kaplan.  "Under Rule 15(a), the court may use its discretion to impose conditions on the grant of leave to amend." *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. 04-cv-2791, 2006 WL 1788946, at *13 (S.D.N.Y. June 28, 2006) (citation omitted).  *See also Mann v. Plus One Fitness*, No. 07-cv-5691, 2009 WL 792427, at *1 (S.D.N.Y. Mar. 20, 2009) ("It is well settled that the Court can condition the filing of an amended complaint on an award of attorneys' fees to defendant where the timing of the request causes otherwise unnecessary expense.") (citation omitted); *Mohideen v. American Airlines, Inc.*, No. 99-cv-0016, 1999 WL 714089, at *3 (S.D.N.Y. Sept. 14, 1999) ("It is well settled ... that a court granting a party leave to amend may impose reasonable conditions which take into account any prejudice that the opposing party will suffer as a result of the amendment." (citation and internal quotation marks omitted)); 3 *Moore's Federal Practice* § 15.17[2] (3d ed. 2005) ("Granting conditional leave allows a court to prevent prejudice, and at the same time, to freely allow amendments in accordance with the spirit of Rule 15.").

March 9, 2018
Page 3

     In deciding whether to impose conditions on an amendment, "[c]ourts have balanced the interests of the party seeking the amendment and those of the party objecting to it by imposing conditions on the applicants leave to amend," including "the costs of the preparation of previously filed responsive pleading rendered moot by the amendment, the costs of any loss or expense occasioned by the applicant's failure to file adequate pleading in the first instance, and even the costs of all attorney's fees incurred to date in an action." *Hayden v. Feldman*, 159 F.R.D. 452, 454–55 (S.D.N.Y. 1995) (brackets, internal quotation marks, and citations omitted). In *Hayden* the court found "that since [defendant] would not have been put to the expense of moving to dismiss the faulty Third Amended Complaint had plaintiffs filed a proper complaint at the outset, [defendant] was thereby prejudiced by plaintiffs' decision to proceed in this inefficient manner." *Id*. at 455.  The Court went on to conclude that an "award of attorneys' fees and costs incurred in preparing that motion to dismiss, therefore, is reasonable compensation for that prejudice." *Id*.

     The same logic applies to this case:  but for Plaintiff's error in naming the wrong party for its NYLL claim, Defendants would not have had to spend its resources moving to dismiss that claim.  Consequently, Defendants' prejudice should be compensated at the very least with an award of the attorneys' fees and costs spent in preparing and arguing its second motion to dismiss.

     Based on the foregoing, Defendants' respectfully request that the Court deny Plaintiff's request for leave to amend its complaint with respect to the NYLL cause of action and defamation claim or, if Plaintiff's request is granted, to award Defendants their attorneys' fees and costs spent in preparing and arguing its previously filed motion to dismiss.

                       Respectfully submitted,

                       GODFREY & KAHN, S.C.

                       */s/Brian C. Spahn*

                       Brian C. Spahn

cc:  All counsel of record (via ECF)

18599468.7